Rossell J.
Was clearly of opinion, that the inquisition ought to be set aside; that from the facts disclosed, he was inclined to think that the defendant had a legal defence if he availed himself of it; that the admission of the copy of the warrant in evidence was illegal; and that at all events, the damages were excessive; and that the inquisition ought to be set aside on that ground, if no other.
Pennington, J.
Said, that although he considered the damages excessive, and more than he would have agreed to had lie been on the jury, yethe could not say that he thought them so outrageous, as to come within the rule adopted by courts of law for setting aside the finding of a jury, merely on the ground of excessive damages. There were, however, other circumstances that weighed in his mind in this case, which, taken together with what he considered unreasonable damages, inclined him to allow the rule. It appeared to him that the defendant had been unfortunate through the wholefprogress of his cause; that his cause had been badly managed; he was entitled to a trial in Cape May, where the cause of action arose, and would have had the venue changed but for want of skill or attention in drawing or procuring the proper affidavit. The cause was of [#] course heard in a county where he was a stranger, and he without counsel, at a great distance from home; and there is reason to believe that local prejudices were afloat against him. Two very able, eloquent and ingenious counsel opposed him, and the sheriff admitted illegal evidence. It is true, that this was not objected to at the time; and had the defendant been aided by counsel, he inclined to think that it would be too late now to take the objection. But it appeared to him, that counsel must take their testimony against an undefended man, at their peril, and although the plaintiff ought not to suffer by the want of vigilance in the defendant, nor is he chargeable with the accidents which led to the unpleasant situation the defendant was placed in; yet it all went to show a hard case on the part of the defendant. This is an application to the *356 Sound discretion of the Court; and on the whole, he"could not say that this was so satisfactory a proceeding as the unbiassed purity of judicial determinations called for, and was therefore of opinion that it presented a proper case for a review.
Kirkpatrick, C. J.
Said, that although he had at first doubted the propriety of granting the rule, yet on the whole, he inclined to concur with his brethren, particularly as he considered the admission of the copy of the warrant improper; and that the defendant, under all the circumstances of his case, had a right to insist on strict law; it might, therefore, be considered as the unanimous opinion of the Court:
By the Court.
Let the inquisition be set aside, on payment of costs by the defendant.
The defendant’s counsel then moved for a rule nisi, to set aside the interlocutory judgment in this cause, and to be let in to plead, and that the venue be changed to Cape May. On a question from Pennington, J. whether it was not too late, the counsel for the defendant relied on the case of Cavil v. Burnaford, 1 Bur. 568. The rule nisi was taken to be argued nest term;